UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

HEATHER HACK et al.                                                                                     PLAINTIFFS

vs.                                                                   CIVIL ACTION NO. 3:20-CV-134-CRS

STATE FARM FIRE AND CASUALTY INSURANCE COMPANY                DEFENDANT

**MEMORANDUM OPINION**

I.  Introduction

This matter is before the Court on Defendant State Farm Fire and Casualty Insurance Company's ("State Farm Fire") motion to dismiss, DN 9, in an action brought by Plaintiffs Heather Hack, Gregory Hack, as parent and next friend of D.H., a minor, and Skylar Hack (collectively "Plaintiffs") individually and on behalf of a proposed class of similarly situated persons. Plaintiffs filed a response and State Farm Fire filed a reply. DN 13; DN 15. The matter is now ripe for adjudication. For the reasons below, the Court will grant the motion to dismiss.

II.  Factual Background

This case arises from claims made by the named Plaintiffs against their insurer State Farm Fire. On March 17, 2013, Plaintiffs were involved in a car accident. DN 1 at ¶ 56. Plaintiffs were insureds under an automobile insurance policy issued by State Farm Fire. *Id*. at ¶ 59. Under this policy, Plaintiffs were entitled to "basic reparation benefits" ("BRB"), also referred to as "no-fault" and "personal injury protection" benefits ("PIP"). *Id*. at ¶ 93. Basic reparation benefits provide "reimbursement for net loss suffered through injury arising out of the operation, maintenance, or use of a motor vehicle, subject, where applicable, to the limits, deductibles, exclusions, disqualifications, and other conditions provided in" the Kentucky Motor Vehicle Reparations Act ("MVRA"). KRS 304.39-020(2). All Plaintiffs received treatment for injuries

resulting from the accident and submitted medical bills to State Farm for "covered losses arising out of the accident." DN 1 at ¶ 59.

State Farm paid Gregory Hack's medical bills in full. *Id*. at p. 1 fn. 1. Heather, Skylar, and D.H each received chiropractic treatment between June 17 and June 28, 2013, and submitted their medical records to State Farm Fire. DN 1-2 at p. 79–82. State Farm Fire sent the records to a third-party chiropractor for a "utilization review." *Id*. at ¶ 60. The review determined that the medical records did not "indicate with measured objective findings…that further chiropractic intervention [was] reasonable or medically necessary past the four-week point in treatment." DN 1-2 at p. 67, 73, 77. Based on the finding of the utilization review, State Farm Fire "determined that the treatment billed is not reasonable, and/or medically necessary, and/or related to [the] auto accident" and denied payment. DN 1 at ¶ 62. State Farm Fire informed Plaintiffs of the denial of these BRBs on July 2, 2013. *See* DN 1-2.

In a recent decision, *Government Employees Insurance Co. v. Sanders*, 569 S.W.3d 923 (Ky. 2018), *reh'g denied* (Apr. 18, 2019), the Kentucky Supreme Court held that the MVRA precludes an insurer from denying a claim for basic reparation benefits "based on a paper review of medical records or a mental or physical examination."[1] *Sanders*, 569 S.W.3d at 926. Plaintiffs seek to bring this case against State Farm Fire both individually and on behalf of "[a]ll individuals who, at any time since February 20, 2005: [h]ad payment of their Kentucky PIP benefits reduced or denied under an auto policy issued by State Farm Fire Insurance Company (sic) due to the findings of a utilization review and who did not, prior to filing this lawsuit, have the denied benefits, 18 percent interest on overdue benefits and attorneys' fees paid in full." DN 1 at ¶ 71. Plaintiffs raise three specific claims: (1) breach of contract, (2) statutory 18% interest and

---

[1] Plaintiffs note that "State Farm Fire uses the term 'utilization review' for what the Kentucky Supreme Court has defined as a 'paper review.'" DN 1 at p. 5 fn. 2.

attorney's fees for unpaid BRB under KRS 304.39-210(2) and KRS 304.39-220(1), and (3) declaratory relief under the Declaratory Judgment Act 28 U.S.C. § 2201. DN 1 at ¶ 89–103. At bottom, Plaintiffs argue that State Farm Fire breached its contractual obligations and violated the MVRA by denying them "thousands of dollars of PIP benefits" based on utilization reviews, which is now unlawful in accordance with *Sanders*. *Id*. at ¶ 61.

### III. Legal Standard

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### IV. Discussion

State Farm Fire moves to dismiss each of Plaintiffs' claims. First, State Farm argues that both Plaintiffs' breach of contract claim and statutory interest and attorney's fees claim are barred by the statute of limitations under KRS 304.39-230(1) DN 9-1 at 6. Second, State Farm argues that it had a legitimate defense to its utilization review practice and, therefore, Plaintiffs have failed to meet the statutory requirements for their claim under KRS 304.39-210(2) and KRS 304.39-220(1).

*Id*. at 9. Finally, State Farm argues that the plaintiffs do not have standing to seek declaratory relief under the Declaratory Judgement Act. *Id*. at 14. The Court will address each argument in turn.

### A. Plaintiffs' Breach of Contract Claim is Time-Barred

State Farm argues that Plaintiffs' breach of contract claim is barred by the two-year statute of limitations articulated in subsection KRS 304.39-230(1) of the MVRA. The MVRA "was enacted in 1974 to establish a comprehensive motor-vehicle insurance system designed to address the growing number of accidents on Kentucky roads each year." *Philadelphia Indem. Ins. Co., Inc. v. Tyron*, 502 S.W.3d 585, 588 (Ky. 2016). KRS 304.39-230(1) provides in relevant part: "[i]f basic or added reparation benefits have been paid for loss arising otherwise than from death, an action for further benefits…may be commenced not later than two (2) years after the last payment of benefits."

In *Milby v. Wright*, 952 S.W.2d 202 (Ky. 1997), the Kentucky Supreme Court held that a "claim for payment [of BRB] is subject to the limitation set forth in KRS 304.39-230(1)." *Milby*, 952 S.W.2d at 204. In that case, the plaintiff and defendant were riding in a car when the defendant suffered a seizure and consequently crashed the car. *Id*. at 203. The plaintiff suffered injuries and received BRB for medical expenses from the car's insurer. *Id*. Over two years after the accident, the plaintiff filed a personal injury claim against the defendant and requested another BRB payment from the insurer. *Id*. The court held that the plaintiff's claim for BRB payment was time-barred under KRS 304.39-230(1). It stated

> [t]o hold otherwise would allow the potential plaintiff to hold the alleged tortfeasor hostage by the leisured submission of medical claims, thereby forestalling the running of the statute of limitations. One of the purposes of the Motor Vehicle Reparations Act (MVRA) was to simplify and speed up the process by which medical bills and other losses resulting from vehicular accidents are reimbursed, without resorting to litigation, thereby providing certainty at a time of need for those involved.

*Id*. at 204.

  Plaintiffs argue that KRS 304.39-230(1) does not control here, and KRS 413.090(2), which provides a fifteen-year statute of limitations for breach of contract actions, applies instead. DN 13 at 8–9. Plaintiffs support this contention by arguing *Milby* "applies solely to tort actions against third party tortfeasors," not against "reparations obligor[s]." *Id*. at 9. Plaintiffs' argument is infirm for two reasons. First, Plaintiffs cannot change the underlying nature of their claim merely by styling it as a breach of contract. At bottom, this is an action for additional BRB under an insurance policy. The plain language of KRS 304.39-230(1) states that any action for further benefits, after basic or added reparation benefits have already been paid, is subject to a two-year statute of limitations. KRS 304.39-230(1) does not provide an exception for breach of contract claims or differentiate contract actions and tort actions. Second, the distinction between an action against a third party tortfeasor and an action against a reparations obligor is immaterial. The Kentucky Supreme Court's reasoning in *Milby* applies regardless. Nothing in the language of KRS 304.39-230(1) indicates that the General Assembly intended to allow actions for further benefits to be delayed for up to fifteen years. *See Milby,* 952 S.W.2d at 204. Accordingly, Plaintiffs' argument is without merit.

  The plain language of KRS 304.39-230(1) and the Kentucky Supreme Court's holding in *Milby* demonstrate that any claim for further benefits, after basic or added reparation benefits have been paid, is subject to a two-year statute of limitations. Here, Plaintiffs suffered injuries from a car accident that occurred on March 17, 2013. DN 1 at ¶ 56. Gregory Hack's medical bills were paid in full. DN 1 at p. 1 fn. 1. Heather, Skylar, and D.H. Hack each submitted documentation of their chiropractic treatments that occurred between June 17 and June 28, 2013. State Farm ultimately denied those claims based on a utilization review. DN 1-2 at p. 64, 69, 74. Plaintiffs now seek further benefits after having received BRB. Under the plain language of KRS 304.39-

230(1) and the holding in *Milby*, the statute of limitations for further benefits stemming from the accident expired in 2015. Plaintiffs initiated the present suit on February 20, 2020. Therefore, Plaintiffs' claims are time-barred.

Plaintiffs also put forth a litany of arguments which allege that the two-year statute of limitations under KRS 304.39-230(1) has not yet run. DN 13 at 12–20. Each argument is easily disposed of. First, Plaintiffs claim that the breach of their insurance policy did not occur until the *Sanders* decision was published in April 2019. *Id*. at 12. Plaintiffs provide no support for the proposition that a change in Kentucky law case can effectively negate a statute of limitations. Indeed, this would render any statute of limitations toothless in the face of any shift in the law articulated by Kentucky courts.

Second, Plaintiffs contend that they only discovered the breach of contract once the Kentucky Supreme Court published *Sanders*. *Id*. at 16. Under Kentucky law, "lack of knowledge of one's rights is insufficient to prevent operation of statutes of limitations." *Wilson v. Paine*, 288 S.W.3d 284, 286 (Ky. 2009). The "discovery rule" is a limited exception to that general maxim which provides that "the statue [of limitations] begins to run on the date of the discovery of the injury, or from the date it should, in the exercise of ordinary care and diligence, have been discovered." *Id*. "[T]he discovery rule is available only in cases where the fact of injury or offending instrumentality is not immediately evident or discoverable with the exercise of reasonable diligence, such as in cases of medical malpractice or latent injuries or illnesses." *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 61 (Ky. 2010). None of those circumstances are present here. The alleged injury in this case occurred when State Farm Fire partially denied Plaintiffs' benefits in 2013 and, therefore, the two-year statute of limitations began to run in 2013. Accordingly, Plaintiffs' argument is without merit and the breach of contract claim is time-barred.

Finally, Plaintiffs assert that they have "pled alternative facts which set forth a proper basis for equitable tolling and equitable estoppel." DN 13 at 17. Under Kentucky law, "equitable estoppel requires both a material misrepresentation by one party and reliance by the other party." *Fluke Corp.*, 306 S.W.3d at 62. Plaintiffs' complaint is devoid of any assertion of a material misrepresentation by State Farm Fire regarding utilization reviews or any detrimental reliance by Plaintiffs.[2] Therefore, Plaintiffs' argument is unavailing.

### B. Plaintiffs' Claim for 18% Interest and Attorney's Fees Fails as a Matter of Law

State Farm Fire argues that Plaintiffs' claim under KRS 304.39-210(2) and KRS 304.39-220(1) fails as a matter of law because (1) the claims are time-barred, and (2) State Farm Fire had a legitimate and bona fide defense for not paying a portion of Plaintiffs' basic reparation benefits. DN 9-1 at 8–9. "The MVRA provides that '[o]verdue [BRB] payments bear interest at the rate of twelve percent (12%) per annum, except that if delay was without reasonable foundation the rate of interest shall be eighteen percent (18%) per annum.' KRS § 304.39-210(2). The MVRA also permits the Court to award attorney's fees for denials or delays caused without a reasonable foundation. KRS § 304.39-220(1)." *Irvin v. State Farm Auto. Ins. Co.*, No. 3:19-CV-690-CHB, 2020 WL 4004808, at *6 (W.D. Ky. July 15, 2020).

Plaintiffs' claim fails for two reasons. First, as discussed above, State Farm paid Plaintiffs basic reparation benefits and they are now seeking further benefits under their policy. Accordingly,

---

[2] In their response, Plaintiffs assert that "State Farm misrepresented to all Kentucky insureds, including the Plaintiffs, that the company was permitted by law and the policy contract to deny benefits on the sole basis of paper reviews. State Farm concealed from insureds that the company had already been sanctioned by the DOI for denying benefits [through utilization reviews]. State Farm inserted misrepresentations into the insurance policies indicating that the company had the right to obtain and rely upon paper reviews as the basis for a denial of benefits. State Farm concealed from its insureds that paper reviews were biased, cut, and paste jobs designed to deny benefits." DN 13 at 18–19. Plaintiffs did not raise these allegations in their Complaint. "Arguments in parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th. Cir. 2006). Accordingly, the Court will only consider what Plaintiffs have alleged in their complaint.

7

even if the benefits at issue are "overdue" for the purposes of KRS 304.39-210(2) and KRS 304.39-220(1), an action for those benefits is limited by the two-year statute of limitations articulated in KRS 304.39-230(1). Therefore, Plaintiffs' statutory claim is also time-barred.

Second, State Farm had a legitimate and bona fide defense for not paying Plaintiffs' benefits. Under the MVRA, "the assertion of a legitimate bona fide defense by an insurer constitutes a 'reasonable foundation' for delaying payments under the MVRA, even if the case is ultimately decided against the insurer." *Irvin*, 2020 WL 4004808 at *7. State Farm argues that it had a bona fide and legitimate defense to denying Plaintiffs claims because, prior to the *Sanders* decision, courts in Kentucky had "rejected arguments that an insurer could not rely on a utilization review to deny benefits under the MVRA." DN 9-1 at 9. State Farm provides the court with two cases to support this position: (1) *Risner v. State Farm Mut. Auto. Ins. Co.*, No. 14-41-HRW, 2015 WL 3857092, at *4–5 (E.D. Ky. June 22, 2015), and (2) *Cope v. Gov't Emps. Ins. Co.*, No. 12-CI-2847 (Ky. Cir. Ct. July 9, 2014). *Id.* at 9–10.

This Court recently addressed the exact same argument in *Irvin* . In that case, which mirrored the factual allegations presented here,

> State Farm [Automobile Insurance Company] initially denied benefits through utilizing a paper review—a method which, in 2018, the Kentucky Supreme Court held was prohibited by the MVRA. *Government Employees Insurance Company v. Sanders*, 569 S.W.3d 923 (2018). However, at the time State Farm initially denied portions of Plaintiffs' PIP benefits, neither the Kentucky Court of Appeals nor the Kentucky Supreme Court had addressed whether paper review denials were allowable under the MVRA.

*Irvin*, 2020 WL 4004808 at *7. The Court further stated, "the fact that the Kentucky Court of Appeals (and the Kentucky Supreme Court) [in *Sanders*] ultimately found [utilization] reviews unlawful did not make State Farm's reliance on prior cases endorsing the practice unreasonable at the time." *Id*. The Court concluded that State Farm had a reasonable foundation to deny the

plaintiffs' claims for benefits and to hold otherwise would "require State Farm to ignore decisions that supported the practice [of utilization reviews] and instead predict, without much guidance, how future courts would interpret the MVRA" *Id.* at 8. The Court finds this reasoning compelling and applicable to the identical claims and arguments presented here. Accordingly, Plaintiffs' claim for statutory 18% interest and attorney's fees under KRS 304.39-210(2) and KRS 304.39-220(1) will be dismissed.

### C. Plaintiffs Lack Standing to Seek Declaratory Relief

State Farm Fire next argues that Plaintiffs lack standing to seek declaratory relief under the Declaratory Judgment Act. DN 9-1 at 14. To establish standing, Plaintiffs must allege an injury-in-fact which is "concrete, particularized, and actual or imminent." *Kanuszewski v. Mich. Dept. of Health and Human Servs.*, 927 F.3d 396, 405 (6th Cir. 2019). "The threat of future harm can satisfy this requirement as long as there is a 'substantial risk' that the harm will occur." *Id.* (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). "When seeking declaratory and injunctive relief, a plaintiff must show actual present harm or a significant possibility of future harm in order to demonstrate the need for pre-enforcement review." *Id.* (citing *National Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997)). An allegation of past harm is insufficient to establish standing for declaratory relief because "the fact that a harm occurred in the past 'does nothing to establish a real and immediate threat that' it will occur in the future." *Id.* (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 106 (1983)).

Plaintiffs contend that "[d]eclaratory judgment makes it possible for the parties to an insurance contract to affirmatively ask the court to interpret the terms of a contract" and, therefore, their request for declaratory relief is properly before the Court. DN 13 at 14–15. Plaintiffs cite *United Specialty Ins. Co., v. Cole's Place, Inc.*, 936 F.3d 386 (6th Cir. 2019), to support their

argument. In that case, the plaintiff insurer sought a declaration from the district court that stated it was exempt from any obligation under an insurance policy to defend or indemnify the defendant in ongoing state lawsuits. *Cole's Place*, 936 F.3d at 394. The Sixth Circuit held that the district court did not abuse its discretion when it exercised jurisdiction under the Declaratory Judgment Act and entered summary judgment in favor of the plaintiff insurer. *Id*. at 402. While *Cole's Place* holds that a district court may issue declaratory relief regarding the interpretation of an insurance contract, the Sixth Circuit did not address whether the plaintiff insurer had standing to seek declaratory relief. The facts, however, establish that the plaintiff insurer did have standing. The plaintiff insurer sought declaratory relief to delineate its obligations under the insurance policy so that it did not have to defend or indemnify the defendant in ongoing state actions. The possibility of defending or indemnifying the defendant demonstrated a significant possibility of future harm, which established standing for declaratory relief. These facts are inapposite to Plaintiffs' claims here.

> Plaintiffs seek a declaration that states the following
>
> State Farm Fire's denial of PIP benefits on the basis of utilization reviews:
>    a. Was and is in violation of KRS 304.39, thereby mandating payment of all bills and other elements of loss which were reduced or denied;
>    b. Was without reasonable foundation and thus mandates payment of interest at the rate of 18 percent on the overdue benefits, pursuant to KRS 304.39-210(2); and
>    c. Mandates payment of attorney fees pursuant to KRS 304.39-220.

DN 1 at ¶ 103. Ultimately, Plaintiffs ask the Court to declare that State Farm's denial of Plaintiffs' BRB in 2013 was unlawful. This is an allegation of past harm that is insufficient to establish standing for declaratory relief. Plaintiffs make no allegation that State Farm has continued to deny BRB based on utilization reviews since the *Sanders* decision or that there is a substantial risk that State Farm will deny Plaintiffs' BRB based on utilization reviews in the future. This allegation

"does nothing to establish a real and immediate threat" that the alleged harm will occur in the future. *Kanuszewski*, 927 F.3d at 406. Therefore, Plaintiffs do not have standing to seek declaratory relief and their claim will be dismissed.

## V.     Conclusion

For the reasons stated herein, the Court will grant Defendant State Farm Fire's motion to dismiss. DN 9. A separate order will be entered in accordance with this opinion.

August 17, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**